# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| JASON STUFFLEBEAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:13-CV-1156-CDP |
| | ) | |
| SALLY FAITH, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on the motion of Jason Stufflebean (registration no. 297189) for leave to commence this action without payment of the required filing fee. For the reasons stated below, the Court finds that plaintiff does not have sufficient funds to pay the entire filing fee, and therefore, the motion will be granted and plaintiff will be assessed an initial partial filing fee. *See* 28 U.S.C. § 1915(b)(1). Furthermore, based upon a review of the complaint, the Court will instruct the Clerk to issue process on the complaint as to plaintiff's Fourth Amendment and pendent state-law claims against defendants Unknown Falzone and Unknown Tetemble in their individual capacities and will dismiss the complaint in all other respects.

## 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. A review of plaintiff's account indicates an average monthly deposit of $163.26 and an average monthly balance of $2.88. Accordingly, the Court will assess an initial partial filing fee of $32.65, which is 20 percent of plaintiff's average monthly deposit.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. *Spencer v. Rhodes*, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), *aff'd* 826 F.2d 1059 (4th Cir. 1987). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

To determine whether an action fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry. First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950-51 (2009). These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Id.* at 1949. Second, the Court must determine whether the complaint states a plausible claim for relief. *Id.* at 1950-51.

This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950. The plaintiff is required to plead facts that show more than the "mere possibility of misconduct." *Id.* The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." *Id.* at 1951. When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's conclusion is the most plausible or whether it is more likely that no misconduct occurred. *Id.* at 1950, 51-52.

Moreover, in reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).

**The Complaint**

Plaintiff, an inmate at the Northeast Correctional Center, seeks monetary relief in this 42 U.S.C. § 1983 action for a violation of his Fourth and Fourteenth Amendment rights. In addition, plaintiff asserts pendent state-law claims for assault and battery, intentional infliction of emotional distress, negligence, and gross negligence. The named defendants are Sally Faith (Mayor, City of St. Charles),

Randall D. McKinley (Chief of Police, City of St. Charles), Unknown Falzone (St. Charles police officer), Unknown Tetemble (St. Charles police officer), and City of St. Charles, Missouri. Plaintiff is suing defendants in both their individual and official capacities [Doc. #5].

Plaintiff alleges that defendants Falzone and Tetemble violated his Fourth and Fourteenth Amendment rights when they brutally assaulted him in the course of arresting him on or about September 10, 2012, thereby causing plaintiff serious physical and emotional injuries. Plaintiff further alleges that defendants Faith and McKinley failed to train and supervise Officers Falzone and Tetemble.

## Discussion

### I. Claims against defendant City of St. Charles

"Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990). Although the Court must liberally construe plaintiff's factual allegations, it will not supply additional facts or construct a legal theory for plaintiff that assumes facts that have not been pleaded. In the instant case, plaintiff has failed to assert any facts or allegations against defendant City of St. Charles, Missouri, and consequently, the complaint will be dismissed as to this defendant.

**II. Claims against defendants Unknown Falzone and Unknown Tetemble**

Plaintiff is suing defendants Falzone and Tetemble in their individual and official capacities for violations of his Fourth and Fourteenth Amendment rights. In addition, he asserts pendent state-law claims for assault and battery, intentional infliction of emotional distress, negligence, and gross negligence.

**A. Official Capacity Claims**

Naming a government official in his or her official capacity is the equivalent of naming the government entity that employs the official. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). To state a claim against a municipality or a government official in his or her official capacity, a plaintiff must allege that a policy or custom of the government entity is responsible for the alleged constitutional violation. *Monell v. Dep't of Social Services*, 436 U.S. 658, 690-91 (1978). The instant complaint does not contain any allegations that a policy or custom of a government entity was responsible for the alleged violations of plaintiff's constitutional rights. As a result, the complaint is legally frivolous and fails to state a claim upon which relief can be granted as to defendants Unknown Falzone and Unknown Tetemble in their official capacities, and the Court will dismiss all said claims.

## B. Individual Capacity Claims

Plaintiff alleges that defendants Falzone and Tetemble used excessive and unnecessary force in the course of his arrest in September 2012, thereby causing him serious physical and emotional injuries. The Court finds that plaintiff has stated actionable claims for relief against these two defendants in their individual capacities relative to the violation of his Fourth Amendment rights, as well as his pendent state-law claims for assault and battery, intentional infliction of emotional distress, negligence, and gross negligence. Therefore, the Court will order defendants Falzone and Tetemble to file a responsive pleading to these claims in their individual capacities. *See* 42 U.S.C. § 1997e(g)(2).

In addition to his Fourth Amendment claims, plaintiff generally asserts that defendants' actions deprived him "of his liberty and property without due process of law." The Court will liberally construe these allegations as attempting to assert Fourteenth Amendment substantive due process claims.

At this point, it is important to note the difference between constitutional claims arising under the Due Process Clause of the Fourteenth Amendment and those arising under a more specific provision of the Constitution, such as the Fourth Amendment. United States Supreme Court precedent suggests that these two types of claims should not be conflated. *See Graham v. Connor*, 490 U.S. 386 (1989). In

*Graham*, the Supreme Court rejected various lower courts' reliance on substantive due process standards in evaluating an excessive-use-of-force claim, where such claims were covered by explicit provisions in the Constitution, namely the Fourth Amendment. *Id*. at 392-95.[1] Later, in *Albright v. Oliver*, 510 U.S. 266 (1994), the Supreme Court explained that "[w]here a particular Amendment 'provides an explicit textual source of constitutional protection' against a particular sort of government behavior, 'that Amendment, not the more generalized notion of substantive due process, must be the guide for analyzing these claims.'" *Albright*, 510 U.S. at 273 (quoting *Graham*, 490 U.S. at 395); *see also*, *Thaddeus-X v. Blatter*, 175 F.3d 378, 387 (6th Cir. 1999) (applying analytical framework of First Amendment to plaintiffs' claims they were retaliated against for engaging in the constitutionally-protected activity of accessing the courts; abrogating the Circuit's prior decisions imposing Fourteenth Amendment substantive due process test to prisoners' claims of retaliation in violation of an enumerated constitutional right).

Applying these precepts to the case at bar, the Court concludes that because plaintiff's excessive-use-of-force claims occurred in the course of his arrest, it is the

---

[1] More specifically, the Court pointed to the Second Circuit's four-factor substantive due process test in *Johnson v. Glick*, 481 F.2d 1028 (2nd Cir. 1973), *cert. denied*, 414 U.S. 1033 (1973), as an illustration of what should *not* be used when an enumerated constitutional right is available as a source of protection.

Fourth Amendment that must be the exclusive guide for analyzing his claims. In other words, it is this particular amendment that provides the explicit textual source of constitutional protection, and therefore, the more generalized notion of Fourteenth Amendment substantive due process should not be used. Because the Fourth Amendment properly covers plaintiff's excessive-use-of-force claims against defendants Falzone and Tetemble, the Court will dismiss his Fourteenth Amendment substantive due process claims.

### III. Claims against defendants Sally Faith and Randall McKinley

Concerning defendants Sally Faith and Randall McKinley, plaintiff states:

> The Chief of Police . . . has been at all times material herein, under a duty to exercise 'a vigilant control over the peace and quiet of the City," . . . as well as to have control over all subordinate police officers, to see that the City ordinances and the rules, orders and regulations for the government of the police force are preserved and enforced, and to suspend any subordinate officer who fails to perform his duties in a reasonable and lawful manner.
>
> . . . Defendants Faith and McKinney have negligently and/or intentionally failed to perform the duties described [above], and as a result plaintiff's civil rights have been violated as herein alleged. Specifically, said defendants knew or should have known of defendant police officers' propensity to engage in the type of brutal and excessive conduct alleged, and negligently or intentionally failed to take adequate supervisory, training, disciplinary and/or other action to prevent such conduct.

"A supervisor may not be held liable under § 1983 for the constitutional violations of a subordinate on a respondeat superior theory." *Tlamka v. Serrell*, 244 F.3d 628, 635 (8th Cir. 2001) (citing *Boyd v. Knox,* 47 F.3d 966, 968 (8th Cir.1995)). Rather, "a supervisor's liability arises if 'he directly participates in a constitutional violation or if a failure to properly supervise and train the offending employee caused a deprivation of constitutional rights.'" *Id.* (quoting *Andrews v. Fowler,* 98 F.3d 1069, 1078 (8th Cir.1996) (citations omitted)); *see also Otey v. Marshall*, 121 F.3d 1150, 1155 (8th Cir. 1997).

In the case at bar, plaintiff does not allege that defendants Faith and McKinley directly participated in the violation of his constitutional rights, but rather claims they are liable in a supervisory capacity for Falzone and Tetemble's excessive use of force against him. A supervisor may be liable under § 1983 for failing to properly train or supervise a subordinate if he or she:

> (1) had 'notice of a pattern of unconstitutional acts committed by subordinates'; (2) was deliberately indifferent to or tacitly authorized those acts; and (3) failed to take 'sufficient remedial action'; (4) proximately causing injury to [plaintiff]. In order to show deliberate indifference or tacit authorization, [a plaintiff] must allege and ultimately prove [the defendant] 'had notice that the training procedures and supervision were inadequate and likely to result in a constitutional violation.'

*Livers v. Schenck*, 700 F.3d 340, 355-56 (8th Cir. 2012) (quoting *Andrews v. Fowler*, 98 F.3d at 1078) (quoting *Jane Doe A. v. Special Sch. Dist. of St. Louis Cnty.*, 901 F.2d 642, 645 (8th Cir. 1990)).

Plaintiff does not allege that defendants Faith and McKinley acted with deliberate indifference or had ever received notice of similar misconduct by Falzone and Tetemble. Moreover, plaintiff does not causally link Faith and McKinley's alleged failure to train and supervise to the officers' alleged use of force in this case. In short, plaintiff's allegations are mere conclusions and recitals of the elements of a cause of action, which are not entitled to the assumption of truth. *See Iqbal*, 129 S. Ct. at 1949-51. For these reasons, the Court will dismiss this action as to defendants Faith and McKinley.

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff shall pay an initial filing fee of $32.65 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon

it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that if plaintiff fails to pay the initial partial filing fee within thirty (30) days, without first showing good cause, the Court will dismiss this action without prejudice and without further notice to plaintiff.

**IT IS FURTHER ORDERED** that the complaint is **DISMISSED**, without prejudice, as to defendants Unknown Falzone and Unknown Tetemble in their official capacities. *See* 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that plaintiff's Fourteenth Amendment substantive due process claims against defendants Unknown Falzone and Unknown Tetemble will be **DISMISSED**, without prejudice, as legally frivolous. *See* 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that, as to defendants Sally Faith, Randall D. McKinley, and City of St. Charles, Missouri, the Clerk shall not issue process or cause process to issue, because the complaint is legally frivolous and fails to state a claim upon which relief can be granted. *See* 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that the Clerk shall issue process or cause process to be issued upon the complaint as to defendants Unknown Falzone and Unknown Tetemble in their individual capacities.

**IT IS FURTHER ORDERED** that, in their individual capacities and consistent with this Order, defendants Unknown Falzone and Unknown Tetemble shall file an answer or other responsive pleading directed to the complaint within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that, pursuant to the Court's differentiated case management system, this case is assigned to Track 5B (standard prisoner actions).

An Order directing the dismissal of specific claims and parties will be filed separately.

Dated this 16th day of September, 2013.

*Catherine D. Perry*
**UNITED STATES DISTRICT JUDGE**